******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FLYNN, J., concurring. I agree that the trial court's judgment should be affirmed. I write separately for the following reasons. It has been usual for this court either to address each claim raised by an appellant on appeal or, in the alternative, to explain why review is not undertaken. In the present case, the first claim of the defendants/appellants, Keepers, Inc., and Joseph Regensburger, is "[w]hether the standard of review for the trial court should have been de novo review rather than the more deferential review afforded arbitration decisions when the arbitrator found the entertainment lease agreement violated public policy and determined it to be illegal." This claim is listed as Roman numeral one in the defendants' statement of issues, and the defendants devote more than one half of their appellate brief to detailing their supporting arguments. I write separately to explain why I think this claim, ultimately, is unreviewable. In support of their argument, the defendants cite to *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, 252 Conn. 416, 425, 747 A.2d 1017 (2000) ("we conclude that because the arbitrator's decision regarding the postemployment payments implicated a legitimate public policy, that is, facilitating clients' access to an attorney of their choice, the trial court should have exercised de novo review"). In response, the plaintiffs, Crystal Horrocks, Yaritza Reyes, Dina Danielle Caviello, Jacqueline Green, Sugeily Ortiz and Zuleyma Bella Lopez, contend: "Although the first issue raised by the defendants in this appeal is disguised as a legal question concerning the standard of review utilized by the trial court, they are actually asking this court to hold that the trial court applied an improper standard of review to a claim it was never asked to consider. Despite never challenging the arbitrator's determination that the . . . agreement was void as a matter of public policy, in [their] motion to vacate [the arbitration awards], the defendants now ask this court to reverse the trial court on an issue [they] never raised."

The defendants raise for the first time on appeal the issue of whether the arbitrator properly had determined that the agreement was void as a matter of the public policy of the freedom to contract and challenge the standard of review purportedly used by the trial court in addressing that issue. However, there is an obstacle in the path of reviewability. The defendants never raised in connection with their motion to vacate a challenge to the arbitrator's decision that the agreement was void as a matter of the public policy of the freedom to contract, and, as a result, the trial court did not address that issue, much less apply a standard of review to it. The defendants' mere citation in their motion to vacate to *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, supra, 252 Conn. 416, for the proposition that

the arbitrator in the present case exceeded his authority under General Statutes § 52-418 (a) (4), is not sufficient. Although *Schoonmaker* concerns the necessity to review an arbitrator's decision de novo where it affects the public policy of a client's right to be represented by an attorney of his or her choice, reference to *Schoonmaker*, without more, would not alert a trial court to the distinct freedom to contract ground that the defendants now assert for the first time on appeal. This court cannot review a claim on appeal that the trial court applied the wrong standard of review to a claim that it had not been asked to review. Issues must be distinctly raised before the trial court to be reviewable on appeal. See E. Prescott, Connecticut Appellate Practice & Procedure (7th Ed. 2021) § 8-2:1.1, p. 466; see also Practice Book § 60-5 (reviewing court not bound to consider claim not distinctly raised at trial).